[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 21-13570

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

PIERRE J. CANNON,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 4:95-cr-00030-CDL-MSH-1

————————————————

Before WILSON, LAGOA, and EDMONDSON, Circuit Judges.

PER CURIAM:

Pierre Cannon, a federal prisoner represented by a lawyer on appeal, appeals the district court's denial of his counseled motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). No reversible error has been shown; we affirm.

**I.**

In 1995, a jury found Cannon guilty of ten offenses: (1) four counts of robbery in violation of the Hobbs Act, 18 U.S.C. § 1951 (Counts 1, 3, 5, 9); (2) one count of carjacking, in violation of 18 U.S.C. § 2119 (Count 7); and (3) five counts of using a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c) (Counts 2, 4, 6, 8, 10).

Under the Sentencing Guidelines then in effect, Cannon was subject to mandatory consecutive sentences for his firearm offenses: 5 years on Count 2 and 20 years each on Counts 4, 6, 8, and 10. The sentencing court imposed a total sentence of 1,313 months' imprisonment: a sentence that included the "stacked" mandatory consecutive sentences for Cannon's firearm offenses. The district court later reduced Cannon's total sentence to 1,171 months based on an earlier retroactive amendment to the Sentencing Guidelines.

In July 2020, Cannon moved *pro se* for compassionate release under section 3582(c)(1)(A), as amended by the First Step

Act.[1]  Cannon was later appointed counsel and filed the counseled compassionate-release motion underlying this appeal.  In his motion, Cannon asserted two grounds for compassionate release. First, Cannon said he had been diagnosed with pulmonary arterial hypertension: a condition Cannon said put him at increased risk of serious illness or death if he were to be reinfected with COVID-19.[2]  Second, Cannon argued that the "disparate" nature of his stacked sentences on the section 924(c) firearm offenses constituted an extraordinary and compelling reason warranting a reduced sentence.  Cannon also argued that the 18 U.S.C. § 3553(a) sentencing factors weighed in favor of compassionate release.

A magistrate judge issued a report and recommendation ("R&R") recommending that the district court deny Cannon's motion.  The magistrate judge first determined that Cannon failed to demonstrate "extraordinary and compelling reasons" warranting relief within the meaning of U.S.S.G. § 1B1.13.  About Cannon's medical condition, the magistrate judge said Cannon had not shown that he suffered from a terminal illness or that his pulmonary arterial hypertension constituted a serious medical condition that substantially diminished Cannon's ability to provide self-care while in prison.  Relying on this Court's decision in *United States*

---

[1] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

[2] Cannon tested positive for COVID-19 in December 2020.  Cannon was asymptomatic when he tested positive but says he later developed shortness of breath, chest pain, and fatigue.

*v. Bryant*, 996 F.3d 1243 (11th Cir. 2021), the magistrate judge also stated that the district court was bound by the policy statement in U.S.S.G. § 1B1.13 and, thus, lacked authority to consider whether Cannon's stacked sentence qualified as an extraordinary and compelling reason.

The magistrate judge next decided that -- even if Cannon could show an extraordinary and compelling reason -- compassionate release was inappropriate in the light of the 18 U.S.C. § 3553(a) factors.[3] The magistrate judge noted the violent nature of Cannon's offenses, that Cannon committed those offenses while on probation for his earlier state robbery and aggravated assault convictions, and that Cannon had engaged in violent conduct while in prison. Given those circumstances, the magistrate judge found that the section 3553(a) factors -- including the factors pertaining to the nature and circumstances of the offense, the defendant's history and characteristics, the need to protect the public, and the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide adequate deterrence -

---

[3] Under section 3553(a), a sentence must be sufficient (but not greater than necessary) to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and to protect the public from future crimes. *See* 18 U.S.C. § 3553(a)(2). A sentencing court should also consider the nature and circumstances of the offense, the defendant's history and characteristics, the kinds of available sentences, the guidelines range, the policy statements of the Sentencing Commission, and the need to avoid unwarranted sentencing disparities. *Id.* § 3553(a)(1), (3)-(7).

- "weigh[ed] heavily" against a sentence reduction. The magistrate judge also determined that no unwarranted sentencing disparity existed between Cannon's sentence and the sentences of other defendants who -- like Cannon -- were convicted of multiple section 924(c) offenses and sentenced before the First Step Act was enacted.[4]

Cannon filed objections to the R&R. The district court overruled Cannon's objections, adopted the R&R, and denied Cannon's amended motion for compassionate release. This appeal followed.

## II.

We review for abuse of discretion the district court's decision about whether to grant or to deny a defendant compassionate release. See United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." United States v. Khan, 794 F.3d 1288, 1293 (11th Cir. 2015).

District courts lack the inherent authority to modify a term of imprisonment but may do so to the extent permitted under section 3582(c). See 18 U.S.C. § 3582(c); United States v. Jones, 962

---

[4] The First Step Act eliminated the mandatory stacking penalties for multiple violations of section 924(c) charged in the same criminal indictment. See First Step Act, Pub. L. No. 115-391, § 403(a), 132 Stat. 5194, 5221-22 (2018). That amendment, however, was not made retroactive to defendants sentenced before the Act's enactment. See id. § 403(b).

F.3d 1290, 1297 (11th Cir. 2020).  As amended by the First Step Act, section 3582(c)(1)(A) authorizes a district court to modify a term of imprisonment under these circumstances:

> [T]he court . . . may reduce the term of impris-
> onment . . . after considering the factors set forth in
> section 3553(a) to the extent that they are applicable,
> if it finds . . . extraordinary and compelling reasons
> warrant such a reduction . . . and that such a reduction
> is consistent with applicable policy statements issued
> by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).

We have said that a district court may reduce a defendant's term of imprisonment under section 3582(c)(1)(A) only if each of these three conditions is met: "(1) the § 3553(a) sentencing factors favor doing so, (2) there are 'extraordinary and compelling reasons' for doing so, and (3) doing so [would be consistent with] § 1B1.13's policy statement." *See United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021).  If the district court determines that a movant fails to satisfy one of these conditions, the district court may deny compassionate release without addressing the remaining conditions. *Id.* at 1237-38, 1240.

The policy statements applicable to section 3582(c)(1)(A) are found in U.S.S.G. § 1B1.13.  *See* U.S.S.G. § 1B1.13; *United States v. Bryant*, 996 F.3d 1243, 1247 (11th Cir. 2021).  The commentary to section 1B1.13 identifies four categories -- including a prisoner's

medical condition -- that might constitute "extraordinary and com-pelling reasons" warranting a reduced sentence.  *See* U.S.S.G. § 1B1.13 comment. (n.1).

Pertinent to this case, Application Note 1(A) of section 1B1.13 provides that a prisoner's medical condition may warrant a sentence reduction if the prisoner (1) has a terminal illness, or (2) suffers from "a serious physical or medical condition" or from age-related deterioration in physical or mental health "that substan-tially diminishes the ability of the defendant to provide self-care within" prison.  *Id.* § 1B1.13 comment. (n.1(A)).  Application Note 1(D) provides that a prisoner may be eligible for a sentence reduc-tion if, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compel-ling reason other than, or in combination with, the reasons de-scribed" in the other categories.  *See id.* § 1B1.13 comment. (n.1(D)).

## A.

We first address Cannon's arguments that the district court erred by relying on U.S.S.G. § 1B1.13 in determining that Cannon had demonstrated no "extraordinary and compelling reasons" war-ranting relief.  Cannon's argument that the district court was not bound by the policy statement in section 1B1.13 is foreclosed by our decision in *Bryant*.  *See Bryant*, 996 F.3d at 1247 (concluding that section 1B1.13 remains the applicable policy statement for all motions filed under section 3582(c)(1)(A), including those filed by prisoners).  We are bound by our decision in *Bryant* and will not

8                    Opinion of the Court                    21-13570

address Cannon's arguments about the correctness of that decision.
*See United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008)
("[A] prior panel's holding is binding on all subsequent panels un-
less and until it is overruled or undermined to the point of abroga-
tion by the Supreme Court or by this court sitting *en banc*.").

Cannon also raises three arguments challenging the validity
of U.S.S.G. § 1B1.13: (1) that 28 U.S.C. § 994(t)[5] constitutes an un-
constitutional delegation of legislative authority to the Sentencing
Commission; (2) that Application Note 1(D) constitutes an uncon-
stitutional sub-delegation of legislative power to the Bureau of Pris-
ons; and (3) that Application Note 1(D) exceeds the limits of defer-
ence to agency interpretations of agency rules.  We review these
arguments -- raised for the first time on appeal -- only for plain er-
ror.  *See United States v. Lange*, 862 F.3d 1290, 1293 (11th Cir.
2017).

Cannon has identified no controlling authority establishing
that the policy statement in U.S.S.G. § 1B1.13 is void as an uncon-
stitutional delegation of authority.  Cannon thus cannot show that

---

[5] 28 U.S.C. § 994(t) contains this language:

> The Commission, in promulgating general policy statements
> regarding the sentencing modification provision in section
> 3582(c)(1)(A) of title 18, shall describe what should be consid-
> ered extraordinary and compelling reasons for sentence reduc-
> tion, including the criteria to be applied and a list of specific
> examples.  Rehabilitation of the defendant alone shall not be
> considered an extraordinary and compelling reason.

the district court committed an error that was plain when it relied on our decision in *Bryant* and treated as binding the policy statement in section 1B1.13. *See id.* at 1296 (describing a plain error as "an error that is 'obvious' and is 'clear under current law'" and explaining that "there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it").

### B.

The district court committed no error in determining that Cannon failed to demonstrate an extraordinary and compelling reason within the meaning of section 1B1.13. Never has Cannon asserted -- and nothing evidences -- that his pulmonary arterial hypertension has diminished substantially his ability to provide self-care while in prison.

Nor has Cannon satisfied his burden of demonstrating that his pulmonary arterial hypertension currently constitutes a terminal illness. *Cf.* 18 U.S.S.G. § 1B1.13 comment. (n.1(A)(i)) (describing a terminal illness as "a serious and advanced illness with an end of life trajectory"). Cannon makes general statements about the average life expectancy for persons with untreated pulmonary arterial hypertension. But Cannon's medical records indicate only that Cannon was diagnosed in July 2019 with "early to mild pulmonary artery hypertension."[6] Cannon has offered no evidence

---

[6] We reject Cannon's arguments (1) that the district court erred in relying on an outdated medical record and (2) that -- absent more recent data -- the district court lacked a sufficient factual basis to conclude that Cannon's

demonstrating a worsening of his condition or demonstrating that he has been denied adequate medical testing or treatment for his condition. Based on the record before the district court, we cannot conclude that the district court erred in determining that Cannon's pulmonary arterial hypertension did not qualify as a terminal illness for purposes of section 1B1.13.

The district court also concluded properly that it lacked authority to consider Cannon's argument that his stacked sentence constituted an extraordinary and compelling reason under Application Note 1(D). *See Bryant*, 996 F.3d at 1248 ("Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence.").

Given the lack of an extraordinary and compelling reason that would warrant relief, we need not detail whether the section 3553(a) factors would support a reduced sentence. *See Tinker*, 14 F.4th at 1237-38, 1240. Nevertheless, we see no error in the district court's determination that the section 3553(a) factors also weighed against granting Cannon compassionate release.

AFFIRMED.

---

condition was "mild." The district court relied properly on the evidence that was presented to it and could not speculate about Cannon's present condition absent additional evidence in the record. As the movant, Cannon bore the burden of producing evidence sufficient to demonstrate his entitlement to relief under section 3582(c). *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013).